UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES PETRUNAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03525-RLY-MJD |
| | ) | |
| JILL ANN KROFTA, | ) | |
| MANUEL A. VICARIO, | ) | |
| KEVIN MCSHANE, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants Jill Krofta and Manuel Vicario's motion to dismiss the Amended Complaint [Dkt. 34], Defendant Kevin McShane's motion to dismiss the Amended Complaint [Dkt. 36], and Plaintiff's motion to file a surreply in opposition to the motions to dismiss [Dkt. 41]. On September 5, 2019, District Judge Richard L. Young designated the undersigned Magistrate Judge to issue a report and recommendation regarding these motions pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 50.] For the reasons set forth below, the Magistrate Judge recommends that the motions to dismiss be **GRANTED**. The Magistrate Judge also recommends that Plaintiff's motion to file a surreply in opposition to the motions to dismiss [Dkt. 41] be **GRANTED**, and the Magistrate Judge has considered Plaintiff's surreply, found at [Dkt. 42], in reviewing the motions to dismiss.

## I. Procedural Background

On March 5, 2019, Defendants Krofta and Vicario filed a motion to dismiss the original complaint in this case. [Dkt. 17.] Defendant McShane filed a motion to dismiss the following day. [Dkt. 19.] Plaintiff requested and was granted an extension of time to file a response April 26, 2019, [Dkt. 24], but instead he filed an amended complaint on April 8, 2019.[1] [Dkt. 32.]

The Defendants filed motions to dismiss the amended complaint on April 19, 2019, and April 22, 2019. [Dkt. 34 & Dkt. 36]. Plaintiff's responses to these motions were due on May 13, 2019, and May 16, 2019, respectively;[2] Plaintiff filed a combined response on May 15, 2019. The Magistrate Judge has considered the response as to both motions to dismiss, despite the fact that it was untimely as to the earlier filed motion.

## II. Factual Background

Plaintiff alleges in his Amended Complaint that, in 2001, Defendants Krofta and Vicario, acting in their capacity as inspectors with the Bureau of Alcohol, Tobacco, Firearms and

---

[1] Plaintiff should have filed a motion for leave to file his Amended Complaint, because the 21-day period for doing so as a matter of right had expired. *See* Federal Rule of Civil Procedure 15(a). However, the Defendants have not objected to the filing of the Amended Complaint as untimely, but rather have moved to dismiss it on the merits. Further, under the generous standard set forth in Federal Rule of Civil Procedure 15(a)(2), Plaintiff would have been granted leave to amend his complaint had he requested it. Therefore, the Court will treat the amended complaint as properly filed.

[2] Defendants Krofta and Vicario inexplicably argue that Plaintiff's response to their motion to dismiss was due on April 29, 2019, *see* [Dkt. 40 at 2], despite acknowledging in the preceding paragraph of their brief that Local Rule 7-1(c)(2) gave Plaintiff 21 days from service of the motion to file his response. Twenty-one days from April 19, 2019, was May 10, 2019. Because Plaintiff was served by mail, the deadline was extended by three additional days pursuant to Federal Rule of Civil Procedure 6(d). That made the deadline May 13, 2019. Plaintiff's assertion in his surreply that the deadline was calculated from the date he **received** the motions is simply incorrect; the deadline is calculated from the date the motions were mailed. *See* Fed. R. Civ. P. 5(b)(2)(C) (service by mail is "complete upon mailing").

Explosives ("ATF"), recommended revocation of Plaintiff's user of high explosives permit and manufacturer of theatrical flash powder license following an inspection of Plaintiff's fireworks business, Abyss Special FX. Plaintiff alleges that the inspection took place after he contacted the ATF and spoke with Krofta regarding the fact that he had procured fireworks for a show that was cancelled at the last minute, leaving Plaintiff with "a truckload of fireworks which he could neither return nor lawfully dispose of." [Dkt. 32 at 2.] Krofta's inspection report, however, states that Krofta found the illegally stored fireworks "by happenstance." Both Krofta and Vicario testified at a June 2003 hearing regarding the recommendation that Petrunak's licenses be revoked. Plaintiff alleges that Krofta gave false testimony which was relied upon by the ALJ in her decision to revoke Plaintiff's license. This caused Plaintiff to lose his business, which resulted in financial loss to Plaintiff.

Plaintiff alleges that in 2009, he "determined, possibly correctly, that he was required to deduct his loss—which he determined to be approximately $500,000—from his taxes, and to attribute that loss to its first proximate cause, the perjury of Inspectors Krofta and Vicario." [Dkt. 32 at 6.] Plaintiff then sent Krofta and Vicario each an IRS Form 1099 "which apportioned the $500,000 equally between [them], and by which he believed he was assigning his personal and business losses in accordance with the law." *Id.* He also filed the two IRS 1099 forms and an IRS 1096 form with the IRS and claimed the $500,000 loss on his corporate and personal tax returns.

In May 2014, Plaintiff was indicted by a federal grand jury on three counts of making and subscribing false and fraudulent IRS forms. Defendant McShane represented him in the criminal case, which went to trial in December 2015. Plaintiff alleges that McShane's representation was deficient in numerous respects, including his refusal to assert that Krofta committed perjury and

to impeach her testimony because "doing so could 'ruin her career.'" *Id.* at 8. On December 15, 2015, the jury returned a verdict of guilty on all three counts; Plaintiff was sentenced to 24 months in prison followed by one year of supervised release and was ordered to pay restitution in the amount of $2,512.00. Plaintiff appealed; his conviction was upheld by the Seventh Circuit Court of Appeals on May 4, 2017. Plaintiff was released from prison on July 31, 2018.

### III. Discussion

Plaintiff filed this suit on November 13, 2018. In his Amended Complaint, he asserts the following causes of action:

- Count One: Krofta deprived Plaintiff of his right to administrative due process of law as guaranteed by the Fifth Amendment by perjuring herself at the ATF hearing;

- Count Two: Vicario deprived Plaintiff of his right to administrative due process of law as guaranteed by the Fifth Amendment by perjuring himself at the ATF hearing;

- Count Three: Krofta and Vicario conspired to deprive Plaintiff of his right to administrative due process of law as guaranteed by the Fifth Amendment by perjuring themselves at the ATF hearing;

- Count Four: Krofta deprived Plaintiff of his right to due process of law as guaranteed by the Fifth Amendment by perjuring herself at Plaintiff's trial;

- Count Five: Vicario deprived Plaintiff of his right to administrative due process of law as guaranteed by the Fifth Amendment by perjuring himself at Plaintiff's trial;

- Count Six: McShane deprived Plaintiff of his right to effective assistance of counsel as guaranteed by the Sixth Amendment by refusing to question Krofta about her perjury; and

4

- Count Seven: All three Defendants conspired to deprive Plaintiff of his right to not be deprived of his liberty without the due process of law as guaranteed by the Fifth Amendment.

[Dkt. 32 at 9-11.] Defendants now move to dismiss the Amended Complaint in its entirety.

**A. Counts One, Two, and Three**

Defendants Krofta and Vicario argue that the claims against them are time barred. With regard to Counts One, Two, and Three, which arise out of the administrative process that occurred in 2003, they clearly are correct. Plaintiff alleges that Defendants Krofta and Vicario violated his due process rights by actions they took in 2003 that ultimately led to the revocation of the licenses he needed to operate his fireworks business. That claim necessarily is brought under the *Bivens* doctrine, which "allows suits against federal employees for violation of constitutional rights." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971)). "The statute of limitations for *Bivens* claims against federal officers is the same as for § 1983 actions against state officers: both periods are borrowed from the state in which the alleged injury occurred." *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017). "The statute of limitations for both § 1983 and *Bivens* actions is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (citing *Wilson v. Garcia,* 471 U.S. 261, 275 (1985); *Eison v. McCoy,* 146 F.3d 468, 470 (7th Cir. 1998); *Baskin v. City of Des Plaines,* 138 F.3d 701, 702-03 (7th Cir. 1998); *Delgado-Brunet,* 93 F.3d 339, 342 (7th Cir. 1996)). The incidents that form the bases of Counts One, Two, and Three took place in Ohio,

and "Ohio Rev. Code § 2305.10, which governs the timeliness of general personal injury claims, applies to *Bivens* claims arising in Ohio." *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017). "[T]hat statute provides for a two-year limitations period, with the cause of action accruing at the time of injury." *Id.* at 559-60. Accordingly, the statute of limitations for the claims alleged in Counts One, Two, and Three is two years, and it began to accrue at the time the Defendants' allegedly unconstitutional actions caused injury to Plaintiff—that is, when his licenses were revoked.

"Although generally a plaintiff is not required to plead around an affirmative defense, such as a statute of limitations, the district court can dismiss a complaint as untimely if the plaintiff has admitted all the elements of the affirmative defense." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (citing *Cancer Foundation, Inc. v. Cerberus Capital Management, LP,* 559 F.3d 671, 674-75 (7th Cir. 2009)). Here Plaintiff admits in his Amended Complaint that the events relevant to Counts One, Two, and Three took place in 2003, well outside of the statute of limitations. Any claim relating to the revocation of his licenses based upon allegedly perjured testimony by Defendants Krofta and Vicario and any injury to Plaintiff that flowed from the revocation had to be filed within two years of the date of the revocation.[3]

---

[3] Plaintiff's argument that the doctrine of equitable estoppel operates to save his claims from being time barred is unavailing. "Equitable estoppel, which is a doctrine of federal law, comes into play if the defendant takes active steps to prevent the plaintiff from suing in time." *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018) (internal quotation marks and citations omitted). "Such a situation can occur if the defendant promises not to plead the statute of limitations or prevents a plaintiff from obtaining information that he needs in order to be able to file a complaint that will withstand dismissal." *Id.* at 324 (internal quotation marks and citations omitted). Plaintiff alleges no such actions by Defendants here. Rather, he alleges only that he "relied on multiple agencies (IRS, BATFE, DOJ) to act with equity upon his requests for a just conclusion to the problem" and "acted accordingly, patiently waiting as government agencies dragged their feet, believing said agencies would act in good faith." [Dkt. 39 at 10.] Plaintiff's

Because this case was filed outside of that time period, those claims are barred by the statute of limitations. Accordingly, the Magistrate Judge recommends that Defendants Krofta and Vicario's motion to dismiss [Dkt. 34] be **GRANTED** as to Counts One, Two, and Three and that those counts be **DISMISSED WITH PREJUDICE**.

**B. Remaining Counts Against Defendants Krofta and Vicario**

The remaining counts of the Amended Complaint against Krofta and Vicario—Counts Four, Five, and Seven—all arise out of Plaintiff's conviction of criminal charges. Plaintiff alleges that Krofta and Vicario perjured themselves at his criminal trial—individually and in concert with one another—thus violating his constitutional rights. Defendants argue that pursuant to the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994), these claims are barred because Plaintiff's criminal conviction has not been overturned. "*Heck* blocks a § 1983 claim [or a *Bivens* claim][4] that necessarily implies the invalidity of a criminal conviction unless the plaintiff can show that the conviction has already been invalidated." *Johnson v. Winstead*, 900 F.3d 428, 431 (7th Cir. 2018), *cert. denied,* 139 S. Ct. 2776 (2019), and *cert. denied,* 139 S. Ct. 2777 (2019). In *McDonough v. Smith*, 139 S. Ct. 2149 (2019), the Supreme Court held that the *Heck* bar applied to a claim for constitutional violations relating to fabrication of evidence that led to a conviction because such a claim does not exist unless and until the conviction is overturned. *Id.* at 2158 ("There is not a complete and present cause of action to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are

---

own belief that he would obtain relief without litigation cannot form the basis of equitable estoppel.
[4] The Seventh Circuit held in *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997), that the *Heck* bar applies to *Bivens* claims as well as § 1983 claims.

7

ongoing. Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck* . . . will the statute of limitations begin to run.").

Plaintiff alleges that Defendants Krofta and Vicario perjured themselves at his criminal trial, which is a form of fabricating evidence. Because his conviction has not been overturned, the holding in *McDonough* dictates that Plaintiff's claims based on the alleged perjurious testimony at his criminal trial are barred by *Heck*.

Plaintiff argues that *Heck* is inapplicable to his claims:

> [Plaintiff] has sued [Defendants Krofta and Vicario] for unlawful conduct with respect to his fireworks licenses. [Plaintiff] was convicted of three counts of making or filing a false income tax document, pursuant to 26 U.S.C. § 7206. The filings were his ill-advised attempt to redress wrongs he believed [Defendants Krofta and Vicario] had caused him, but those wrongs did not provide [Plaintiff] with a legal defense to the income tax document charges. In other words, if [Defendants Krofta and Vicario] are found in this case to be liable to [Plaintiff] for constitutional violations, that liability would have no impact on the criminal charges.

[Dkt. 42 at 2-3.] It is not clear how the alleged perjured testimony at Plaintiff's trial injured Plaintiff if he would have been convicted anyway, but to the extent that Plaintiff could articulate such an injury, those claims would be time-barred, because all of the actions taken by Defendants Krofta and Vicario with regard to Plaintiff's criminal trial occurred more than two years before this case was filed.

To the extent that Plaintiff's claims against Krofta and Vicario in Counts Four, Five, and Seven are based on the allegation that Defendants Krofta and Vicario's actions caused Plaintiff to be convicted at his criminal trial, those claims are barred by *Heck*. *See Johnson*, 900 F.3d at 439 (claim that "seeks a civil remedy for a trial-based constitutional violation that results in wrongful conviction and imprisonment . . . necessarily implies the invalidity of the conviction

8

and under *Heck* is neither cognizable nor accrues until the conviction has been overturned"). To the extent that they are not, they are time-barred. Accordingly, the Magistrate Judge recommends that Defendants Krofta and Vicario's motion to dismiss the Amended Complaint [Dkt. 34] be **GRANTED** as to Plaintiff's claims against Krofta and Vicario in Counts Four, Five, and Seven.

## C. Claims against Defendant McShane

Because the claims asserted against Defendant McShane—Counts Six and Seven—also are based on actions that occurred during Plaintiff's criminal trial, they, too are either time-barred (if they are not based on the fact that Plaintiff was convicted) or barred by *Heck* (to the extent that they do allege that constitutional violations led to Plaintiff's conviction).[5] Accordingly, the Magistrate Judge recommends that Defendant McShane's motion to dismiss the Amended Complaint [Dkt. 36] be **GRANTED** as well.

## IV. Conclusion

For the reasons set forth above, the Magistrate Judge recommends that Defendants' motions to dismiss the Amended Complaint [Dkt. 34 and Dkt. 36], and Plaintiff's motion to file

---

[5] Although Defendant McShane does not raise the *Heck* issue in his motion to dismiss, the Court may grant his motion on that grounds because the arguments of Defendants Krofta and Vicario on that issue apply equally to Defendant McShane; indeed, Plaintiff accuses the three of conspiring together. *Cf. Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304 (7th Cir. 1988) (sua sponte granting a motion to dismiss as to nonmoving defendants permitted "where nonmoving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related"); *Kennedy v. Children's Serv. Soc. of Wisconsin*, 17 F.3d 980, 983 n.1 (7th Cir. 1994) ("If one defendant is granted a motion for summary judgment, the district court may sua sponte enter summary judgment in favor of nonmoving additional defendants 'if the motion raised by the first defendant is equally effective in barring the claim against the other defendants, and the plaintiff had an adequate opportunity to argue in opposition to the motion.'" (quoting *Colan v. Cutler–Hammer, Inc.,* 812 F.2d 357, 360 n.2 (7th Cir. 1987)).

9

a surreply in opposition to the motions to dismiss [Dkt. 41] be **GRANTED**. The Magistrate Judge further recommends that judgment be entered dismissing with prejudice all of Plaintiff's claims, with the exception of any claim that is based on Plaintiff's conviction, which should be dismissed without prejudice because no such claim will accrue unless and until Plaintiff's conviction is overturned.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections **within fourteen days after service of this Report and Recommendation** shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 17 SEP 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

**Copy by United States Mail to:**

**Charles Petrunak**
**320 W 9th Street**
**Anderson, IN 46016**

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.